IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHANDA MORGAN,

    Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, et al.,

    Defendants.

CIVIL ACTION NO.
03-AR-1442-S

FILED
04 MAR 29 PM 3:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 2 9 2004

## MEMORANDUM OPINION

Before the court is the motion of defendant, Provident Life and Accident Insurance Company ("Provident"), for a protective order. Plaintiff, Chanda Morgan ("Morgan"), filed the above-entitled action against Provident under the Employee Retirement Income Security Act ("ERISA"), alleging that Provident wrongfully denied her disability benefits under the terms of a disability insurance plan ("ERISA plan").

### Background

The ERISA plan, which was insured and administered by Provident, covered the employees of the Southern Company, Morgan's employer at the time of her alleged disability. The policy gave Provident "sole and exclusive discretion and power to grant and/or deny any and all claims for benefits, and construe any and all issues relating to eligibility for benefits." Doc 21. ex. A at 25. Morgan made a claim under the plan. After it was denied

by Provident, Morgan filed the instant complaint alleging wrongful denial of benefits. On March 3, 2004, Morgan served notice of taking the deposition of Kim Brothers ("Brothers"), a registered nurse who was employed by Provident and who worked on the evaluation of Morgan's claim. On March 9, 2004, Provident filed an objection to the deposition notice and moved for a protective order (1) to prohibit Morgan from taking the deposition of Brothers and (2) to prohibit the discovery or use of any evidence beyond the administrative record. Doc. 21.

## Analysis

The Eleventh Circuit has adopted the following standards for reviewing an ERISA claims administrator's denial of benefits (1) *de novo* review when the plan does not grant the administrator discretion in deciding benefit eligibility, (2) arbitrary and capricious review when the plan grants the administrator discretion in deciding benefit eligibility, and (3) heightened arbitrary and capricious review when the plan grants the administrator discretion in deciding benefit eligibility but a conflict of interest exists on the part of the administrator. *HCA Health Serv. of Ga, Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 993 (11th Cir. 2001). Heightened arbitrary and capricious review is the proper standard here, because, although the plan grants Provident discretion, Provident itself admits that a conflict of interest exists.

Provident argues that any discovery in this case must be

limited to the four corners of the administrative record, because the heightened arbitrary and capricious standard limits a court's review of the administrative decision to facts known to the administrator at the time the decision was made. *See Lee v. Blue-Cross/Blue-Shield of Ala.*, 10 F.3d 1547, 1550 (11th Cir. 1994). The court disagrees with this narrow interpretation. The court agrees with Provident entirely that new evidence relating to the merits of Morgan's claim cannot be considered by the court and thus is not discoverable, but that does not foreclose discovery of other potentially relevant evidence. Morgan can pursue discovery into the manner by which Provident came to its decision. Specifically, the court will allow discovery *to the extent that such discovery seeks information regarding the procedure by which Provident reached its decision*. See *Lake v. Hartford Life and Accident Ins. Co.*, 218 F.R.D. 260, 261 (M.D. Fla. 2003); *Cerrito v. Liberty Life Ins. Co. of Boston*, 209 F.R.D. 663, 664-65 (M.D. Fla. 2002); *Woodward v. Reliance Standard Life Ins. Co.*, 2003 WL 1798519 (N.D. Fla. Mar. 10, 2003); *Buchanan v. Reliance Standard Life Ins. Co.*, 5 F.Supp.2d 1172, 1180-81 (D.Kan. 1997). Morgan may not seek discovery into the existence of a conflict of interest, because Provident concedes that such a conflict existed when it made its decision.

In regard to the proposed Brothers deposition, the court finds that Morgan can take that deposition so long as the questions asked

are not designed only to prove the existence of a conflict of interest. The undisputed evidence already before the court shows that Brothers is a registered nurse employed by Provident. She conducted a medical review of Morgan's claim and provided a list of questions that she wanted answered regarding Morgan's medical condition. The evidence thus far indicates that Brothers did not actually make the decision to deny Morgan benefits. Discovery by deposition will be limited to those who contributed to or participated in the decision to deny Morgan's claim for benefits. This may or may not include Brothers. Whether Brothers' role in the claim process was too remote to be probative cannot be decided at this juncture. The motion for a protective order as it applies to the Brothers deposition will be denied.

### Conclusion

By separate order, the court will deny Provident's motion for a protective order in both of its aspects.

DONE this 29th day of March, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE